UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Case No. 97-CR-90013
                                           HON. GEORGE CARAM STEEH

vs.

DORIAN DWAYNE HOLLIS,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO § 3582 [#43]

On October 22, 1997, pursuant to a Rule 11 plea agreement, defendant, Dorian Dwayne Hollis, pleaded guilty to count I of the indictment, attempted robbery of motor vehicle with firearm ("carjacking"); 18 U.S.C. § 2119, and aiding and abetting other individuals in such crime; 18 U.S.C. § 2. Count I of the indictment states:

Count One
(18 U.S.C. § 2119– Attempted Robbery of Motor Vehicle with Firearm ("Carjacking"))
(18 U.S.C. § 2 – Aiding and Abetting)

    D-1 DORIAN DWAYNE HOLLIS

        That on or about April 25, 1993, in the Eastern District of Michigan, Southern Division, defendant Dorian Dwayne Hollis, while possessing a firearm as defined by Title 18, United States Code, Section 921, attempted to take a motor vehicle that had been transported, shipped and received in interstate commerce– a 1993 Chrysler Jeep Grand Cherokee automobile, bearing Michigan license plate number DVR954 and vehicle identification number 1J4GZ7854PC503343 – from the persons and in the presence of Mark Anthony Rayner and Ronald Rondell Myles by force, violence and

intimidation which caused the death of Mark Anthony Rayner; and aided and abetted other individuals in such crime; in violation of Title 18 United States Code, Section 2119.

Ind. at 1. On May 4, 1998, Hollis was sentenced to 405 months imprisonment, 5 years supervised release and a $50.00 special assessment fee.

On May 26, 2010, Hollis filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Generally, a district court may not modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). However, an exception exists for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.§ 944(o). . . ." 18 U.S.C. § 3582(c)(2). Hollis is not entitled to relief because he has not been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission.

A review of Hollis' motion reveals that he is challenging the imposition of his conviction and sentence, rather than seeking a reduction in sentence pursuant to a reduction in his sentencing range. Therefore, his motion is an attack on the merits of his case, and should be construed as a 28 U.S.C. § 2255 motion. *See United States v. Carter*, 500 F. 3d 486, 490 (6th Cir. 2007).

28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Hollis argues that the indictment should be dismissed and he should

be released from conviction and imprisonment based on the United States Supreme Court's holding in *Jones v. United States*, 526 U.S. 227 (1999). The *Jones* court held that the subsections of 18 U.S.C. § 2119 are elements of the crime to be charged and proved, and not sentencing enhancements. The statute at issue when both Jones and Hollis were convicted and sentenced read as follows:

> Whoever, possessing a firearm as defined in section 921 of this title, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall, --
>
> (1) be fined under this title or imprisoned not more than 15 years or both,
> (2) if serious bodily injury results, be fined under this title or imprisoned not more than 25 years, or both, and
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both.

18 U.S.C. § 2119. In *Jones*, the "[t]he indictment made no reference to the statute's numbered subsections and charged none of the facts mentioned in the latter two, and at the arraignment the Magistrate Judge told Jones that he faced a maximum sentence of 15 years on the carjacking charge." *Id.* at 230. Further, the court's jury instruction defined the elements the government needed to prove beyond a reasonable doubt by only referencing the first paragraph of § 2119, without mentioning serious bodily injury. *Id.* at 231.

At sentencing, the trial judge relied on the presentence investigation report which recommended a sentence of 25 years for the carjacking because one of the victims suffered serious bodily injury. *Id.* The trial judge rejected defense counsel's objection that the 25 year sentence recommendation was out of bounds because "serious bodily injury was an element of the offense defined in part by § 2119(2), which had been neither pleaded in the indictment nor proven before the jury." *Id.* The trial judge found that the

serious bodily injury allegation was supported by a preponderance of the evidence and imposed a 25-year sentence on the carjacking count. *Id.* The Ninth Circuit upheld the trial judge's sentencing determination. *Id.* at 231-32. The Supreme Court reversed, concluding that § 2119's subsections are "three separate offenses . . . each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." *Id.* at 252. Hollis argues that he "was only charged with 18 U.S.C. § 2119 and not any of § 2119's subsections and therefore cannot be held responsible for anything other than 2119 itself, which carries no punishment or penalty." *See* Dkt. No. 43 at 14. Hollis is not entitled to relief because his case is distinguishable from the facts in the *Jones* case.

Before reaching the substance of Hollis's arguments, the court notes that his motion is untimely under the applicable statute of limitations. *See* 28 U.S.C. § 2255(f). Section 2255(f) states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Hollis' judgment of conviction became final at the conclusion of direct review. *See Johnson v. United States*, 246 F. 3d 655, 657 (6th Cir. 2001). Where a defendant does not appeal his criminal judgment, it becomes final for statute of limitations

purposes ten days after it is entered, at least where the district court has not extended the time for appeal.  *See Sanchez-Castellano v. United States*, 358 F. 3d 424, 428 (6th Cir. 2004).  Hollis did not file an appeal of his criminal judgment, which was entered on May 4, 1998.  Hollis filed the present motion on May 26, 2010, well beyond the one year statute of limitations under § 2255(f)(1).   Even if this claim fell within § 2255(f)(3), assuming the *Jones* case recognized a new right that was made retroactively applicable to cases on collateral review, Hollis' motion would still be untimely because the *Jones* decision was filed March 24, 1999.  Hollis does not argue that the government has prevented him from raising his claim, nor does his claim rely on facts recently discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(2),(4).

Additionally, Hollis' claim is procedurally defaulted because he did not raise it on direct appeal.  *See United States v. Cook*, 45 F. 3d 388, 392 (10th Cir. 1995) ("28 U.S.C. § 2255 motions are not available to test matters which should have been raised on direct appeal.")  "Statutory claims brought under § 2255 are proper only when the issues presented in the motion were raised on direct appeal or, if the issue could not be raised, when a miscarriage of justice arises."  *Logan v. United States*, 434 F. 3d 503, 508 (6th Cir. The issue of whether § 2119's subsections are sentencing enhancements or separate offenses was unsettled at the time of Hollis' sentencing.  The Supreme Court granted certiorari in *Jones* on March 30, 1998, two months prior to Hollis' sentencing.  The issue was therefore unsettled and before the courts at the time of his sentencing.  Further, even though Hollis pleaded guilty to count I of the indictment, thereby waiving all challenges to non-jurisdictional defects in the proceedings, he was still entitled to challenge jurisdictional defects such as the indictment's failure to charge an offense, or events that occurred

subsequent to entry of the plea including errors arising during sentencing. *See United States v. Hubble*, 1985 U.S. App. LEXIS 14143, *9 (6th Cir. Aug. 22, 1985) ("A guilty plea does not waive subsequent objection to an indictment for failure to allege a necessary element of the offense charged, but does waive defects in the form of the allegations."); *United States v. Di Fonzo*, 603 F. 2d 1260, 1263 (7th Cir. 1979), *cert. denied*, 444 U.S. 1018 (1980); *see also, Launius v. United States*, 575 F. 2d 770, 771 (9th Cir. 1978) (guilty plea did not waive defendants ability to challenge their consecutive sentences on two counts which exceeded the statutory maximum for the single offense charged in the information.)

Even if Hollis' motion were timely, his claims fail to entitle him to relief. While it is accurate that the indictment did not cite to any of § 2119's subsections, it did, unlike the circumstances in *Jones*, charge facts contained in subsection three. The indictment specifically charged that Hollis "on or about April 25, 1993 . . . while possessing a firearm . . . attempted to take a motor vehicle . . . by force, violence and intimidation which caused the death of Mark Anthony Raynor . . . ." Ind. at 1. Therefore, Hollis was on notice that the government was charging him with an offense that carried a potential penalty of life imprisonment. Additionally, Hollis pleaded guilty to count I pursuant to a Rule 11 plea agreement, which he signed. The Rule 11 plea agreement stated that the government was prepared to prove that "Defendant shot at the driver, hitting him multiple times and killing him." *See* Rule 11 plea agreement at 2. At the plea hearing, the government also argued that "Mr. Hollis, shot at the driver, more than once, and killed him." *See* Oct. 22, 1997 Hrg. Tr. at 9, lns. 22-23. As to Hollis' sentencing guidelines, the government indicated that:

> Now under that section, because this case involves a murder, there's

      a cross reference for murder in situations as here, to Section 2A1.1 . . . the defendant's guidelines come out at a base offense level of 43. He's given three levels of reduction, to bring him down to a level 40, that's on worksheet D, and his criminal history category has been calculated at level 2, worksheet D.
      Based on those numbers, his range comes out at 324 to 405 months[,]the parties agree or have placed a cap before the court at the top of that range at 405 months.

*Id.* at 14, lns. 12-24. Additionally, Hollis indicated that he understood the terms of the parties' agreement.

| | |
|---|---|
| THE COURT: | All right. Any questions, Mr. Hollis? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Do you understand your deal, as it's set forth in this Rule 11 plea agreement? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Any questions for counsel? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | All right. We'll continue then. The offense, itself, by statute carries a potential life sentence[.] |

Id., at 18, lns. 7-17. Therefore, this case is factually dissimilar to the *Jones* case, where the defendant had no notice that he faced a possible twenty five year sentence because none of the facts supporting this sentence were charged in the indictment, he was advised at his arraignment that he faced only a maximum sentence of fifteen years imprisonment, and the government failed to argue or prove at trial that serious bodily injury occurred. Therefore, the serious constitutional questions presented in the *Jones* case are not presented here as Hollis was fully aware that the offense charged, and his guilty plea, carried a potential life sentence. Further, in entering his plea, Hollis agreed that his sentencing guideline range was 324 to 405 months imprisonment. Hollis' argument that he was "only charged with 18 U.S.C. § 2119 and not any of § 2119's subsections and therefore cannot be held responsible for anything other than 2119 itself" is wholly without

merit.

Hollis' motion to reduce sentence pursuant to § 3582, construed as a motion to vacate under § 2255, is hereby DENIED, and his petition is hereby DISMISSED. Before Hollis may appeal this court's decision to deny him relief under 28 U.S.C. § 2255, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Hollis has failed to make such a showing. Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.

Dated: October 26, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 26, 2010, by electronic and/or ordinary mail and also to Dorian D. Hollis #22515-039, at Federal Correctional Institution, P.O. Box 1500, El Reno, OK 73036.

S/Josephine Chaffee
Deputy Clerk

---